1   Michael Zoldan; AZ Bar No. 028128
2   Jason Barrat; AZ Bar No. 029086
    Jessica Miller; AZ Bar No. 031005
3   **ZOLDAN LAW GROUP, PLLC**
    14500 N. Northsight Blvd., Suite 133
4   Scottsdale, AZ 85260
5   Tel & Fax: 480.442.3410
    mzoldan@zoldangroup.com
6   jbarrat@zoldangroup.com
    jmiller@zoldangroup.com
7
8   Attorneys for Plaintiffs

9            **UNITED STATES DISTRICT COURT**
10
              **DISTRICT OF ARIZONA**
11

| | |
|---|---|
| **Viridiana Corrales**, an Arizona resident; and **Ardelis Vargas,** an Arizona resident; | **Case No.** |
| Plaintiffs, | |
| v. | **VERIFIED COMPLAINT** |
| **Badger Productions, LLC d/b/a Monarch Club - Solistic**, an Arizona company; and **Sean Badger,** an Arizona resident; | **(Jury Trial Requested)** |
| Defendants. | |

21       Plaintiffs Viridiana Corrales and Ardelis Vargas for their Verified Complaint

22   against Defendants, hereby alleges as follows:

23                    **NATURE OF THE CASE**

24
25       1.    Plaintiffs bring this action against Defendants for their unlawful failure to

26   pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219

27   (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**");

28   and failure to make timely and reasonable payment of wages under the Arizona Wage

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2.    This action is also brought to recover minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA and Arizona Minimum Wage Statute.

3.    This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.    Plaintiffs' state law claims are sufficiently related to their federal claim that they form the same case or controversy.  This Court therefore has supplemental jurisdiction over Plaintiffs' claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.  Plaintiffs were employed by Defendants in this District.

## PARTIES

7.    At all relevant times to the matters alleged herein, Plaintiffs Viridiana Corrales and Ardelis Vargas resided in the District of Arizona.

8.    Plaintiff Viridiana Corrales was a full-time employee of Defendants from on or about January 2018 until on or about October 2, 2018.

9.    Plaintiff Ardelis Vargas was a full-time employee of Defendants from on or about July 6, 2018 until on or about October 3, 2018.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

10.     At all relevant times, Plaintiffs were employees of the Defendants as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

11.     Defendant Badger Productions, LLC  is a company authorized to do business in Arizona, and were Plaintiffs' employer as defined by 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

12.     Defendant Sean Badger is an Arizona resident.  He has directly caused events to take place giving rise to this action.  Sean Badger was at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(e)(1), A.R.S. § 23-362, and A.R.S. § 23-350.

13.     Under the FLSA, Defendant Sean Badger is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Sean Badger is an owner of Badger Productions, LLC.  Defendant Sean Badger had the authority to hire and fire employees, supervised and controlled Plaintiffs' work schedules or the conditions of their employment, determined the rate and method of Plaintiffs' payment of wages, and maintained employment records in connection with Plaintiffs' employment.  As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Sean Badger is subject to individual and personal liability under the FLSA.

14.     Plaintiffs are further informed, believes, and thereon alleges that the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

15.     Defendants are sued in both individual and corporate capacities.

16.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC

14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

17.     At all relevant times, Defendants have been engaged in interstate commerce and/or have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

**FACTUAL ALLEGATIONS**

18.     Defendants are a nightclub.

19.     Plaintiff Viridiana Corrales was hired on or about January 2018 as a bartender.

20.     Plaintiff Ardelis Vargas was hired on or about July 6, 2018 as a bartender.

21.     Plaintiffs' primary job duties included preparing beverages for club patrons, interacting with customers, taking orders, and serving drinks.

22.     Plaintiffs were to be paid at a rate of $8.00 per hour plus tips.

23.     To this day, Plaintiffs were never compenstated their hourly wage of $8.00 per hour.

24.     From the start of their employment, Plaintiffs have not been paid their regular wages or even minimum wages.

25.     Plaintiffs only compensation were through tips from patrons.

26.     Because Plaintiffs received $0.00 throughout the course of their employment, Defendants failed to properly compensate Plaintiffs minimum wage under both the FLSA and the Arizona Minimum Wage Statute.

27.     During the course of their employment, Plaintiffs were considered to be a non-exempt employee because they fail the salary-basis test by receiving less than $455.00 per week in wages.

28.     Throughout the course of their employment, Defendants did not pay

Plaintiffs any compensation at all in exchange for the work they performed for the benefit of Defendants.

29.     Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA, Arizona Minimum Wage Statute, and Arizona Wage Statute.

30.     Defendants willfully failed and/or refused to compensate Plaintiffs at the rates and amounts required by the FLSA and the Arizona Minimum Wage Statute.

31.     Defendants' failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA, Arizona Minimum Wage Statute, and Arizona Wage Statute were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

32.     Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

33.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA.

34.     Plaintiffs were employees entitled to the statutorily mandated minimum wage.

35.     Defendants have intentionally failed and/or refused to pay Plaintiffs minimum wage according to the provisions of the FLSA.

36.     As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving any compensation in accordance with 29 U.S.C.§ 206.

37.     In addition to the amount of unpaid minimum wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC

14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

38.     Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.  Defendants knew Plaintiffs were not being compensated anything for time worked and failed to pay proper minimum wages.  Defendants knew their failure to pay minimum wage was a violation of the FLSA.

39.     Defendants have not made a good faith effort to comply with the FLSA.

40.     Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

41.     Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

42.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

43.     Defendants intentionally failed and/or refused to pay Plaintiffs minimum wage according to the provisions of the Arizona Minimum Wage Statute.

44.     In addition to the amount of unpaid minimum wage owed to Plaintiffs, they are entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

45.     Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

46.     Plaintiffs incorporate by reference all of the above allegations as though fully

set forth herein.

47.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Wage Statute.

48.     Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

49.     Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiffs.

50.     Defendants failed to timely pay Plaintiffs wages due without a good faith basis for withholding the wages.

51.     Defendants have willfully failed and refused to timely pay wages due to Plaintiffs.  As a result of Defendants' unlawful acts, Plaintiffs are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray:

A.     For the Court to declare and find that the Defendants committed the following acts:

  i.     violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

  ii.     willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

  iii.     violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

  iv.     willfully violated minimum wage provisions of the Arizona

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

Minimum Wage Statute, by failing to pay minimum wages;

v.   willfully violated the Arizona Wage Statute by failing to pay all wages due to Plaintiffs;

B.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to the Arizona Wage Statute, in an amount to be determined at trial;

C.   For the Court to award an additional amount equal to twice the underpaid minimum wages and interest pursuant to A.R.S. § 23-364(g), in an amount to be determined at trial.

D.   For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

E.   For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

F.   For the Court to award Plaintiffs' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and A.R.S. § 12-341.01 and all other causes of action set forth herein;

G.   Any other remedies or judgments deemed just and equitable by this Court.

**JURY DEMAND**

Plaintiffs hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED November 20, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiffs

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>VERIFICATION</u>**

Plaintiffs Viridiana Corrales and Ardelis Vargas declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Viridiana Corrales

_____
Ardelis Vargas

## **VERIFICATION**

Plaintiffs Viridiana Corrales and Ardelis Vargas declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Viridiana Corrales

_____
Ardelis Vargas

ZOLDAN LAW GROUP, PLLC

14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com